```
             IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF ALABAMA
                       SOUTHERN DIVISION
```

THOMAS B. WHITE, *etc.*,       }
                               }
     Plaintiff,                }
                               }      CIVIL ACTION NO.
v.                             }
                               }      00-AR-1205-S
BLOCKBUSTER, INC.,             }
                               }
     Defendant.                }
                               }

ENTERED
JUL 18 2000

## MEMORANDUM OPINION

The court has before it a motion by plaintiff, Thomas B. White ("White"), who sues individually and as a representative of the putative class of similarly situated individuals, seeking a remand of this action that he brought against Blockbuster, Inc. ("Blockbuster"). The burden is on a removing defendant to prove the existence of the jurisdictional basis upon which the removal is based. In this case, that basis is alleged diversity of citizenship under 28 U.S.C. § 1332, which includes the requisite jurisdictional amount of $75,000 in controversy.

In order to reach the $75,000 goal, Blockbuster characterizes White's action as a disguised (deliberate or inadvertent?) *qui tam* action that seeks to replenish the public coffers with taxes allegedly erroneously collected by Blockbuster from its customers. White vigorously rejects Blockbuster's contention and, to the contrary, disclaims any intent or purpose whatsoever to recover

anything on behalf of the State of Alabama or its taxpayers generally. In other words, the only taxpayers that White purports to look out for are himself and other taxpayers who Blockbuster allegedly ripped off.

This court should not allow a removing defendant to re-plead a plaintiff's complaint in such a way as to create a basis for removal unless the characterization is inescapable. In this case, Blockbuster's characterization is creative, but a stretch. If at a future time after this court remands the case (even more than the dreaded one year after a diversity removal is ostensibly precluded) White's action should morph into one in which the Treasury of the State of Alabama has an expectation or hope of recovering more than $75,000, and another notice of removal is filed by Blockbuster, this court hopes and trusts that the case will be assigned to it. In the meantime, however, White is in control of what he seeks, and he does not seek, either for himself or for another, anything except something going into his, his class members, or their lawyer's pockets, all individuals, and each in an amount less that $75,000, that cannot aggregated.

An appropriate separate order of remand will be entered.
DONE this 18th day of July, 2000.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE

2